1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11  TOM G. BEARD,                        )    Civil No.07cv594-WQH(NLS)
                                         )
12              Plaintiff,               )    **ORDER GRANTING IN PART AND**
    v.                                   )    **DENYING IN PART PLAINTIFF'S**
                                         )    **MOTION TO COMPEL; AWARDING**
13  SHUTTERMART OF CALIFORNIA, INC.,     )    **ATTORNEYS' FEES**
    a California Corporation, et al.,    )
14                                       )    [Doc. No. 36]
                Defendants.              )
15  _____ )

16        Before the Court in the above-captioned matter is Plaintiff Tom G. Beard's Motion to Compel

17  Initial Disclosures, for Sanctions, and for Attorneys' Fees and Expenses [Doc. No. 36].  Plaintiff argues

18  that Defendants Richard Ronquillo and Shuttermart of California, Inc. have failed to make their initial

19  disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and this Court's June 25, 2007

20  Order setting Rule 26 compliance deadlines [Doc. No. 29].  In addition, Plaintiff alleges that Defendant

21  Ronquillo failed to appear for his properly noticed deposition on August 24, 2007.  (*Plaintiff's Motion*,

22  *Memorandum of Points and Authorities in Support ("Memorandum")*, 4.)  Plaintiff seeks an order from

23  this Court compelling both defendants to make their initial disclosures, and compelling Ronquillo to

24  appear for his deposition.  Plaintiff also requests an award of attorneys fees pursuant to Rule

25  37(a)(4)(A).  (*Id*. at 5-6.)  Neither Defendant Ronquillo nor Defendant Shuttermart have filed an

26  opposition to Plaintiff's motion.

27        On September 24, 2007, co-defendants Robin Hart and Terry Udelhofen filed a Notice of

28  Bankruptcy Filing by Shuttermart of California, Inc. [Doc. No. 38] advising the Court of the September

1   15, 2007 filing of Chapter 7 bankruptcy by Defendant Shuttermart in United States Bankruptcy Court,

2   Southern District of California, Case No. 07-05110-H7.

3                                                                **DISCUSSION**

4          The filing by Shuttermart of the bankruptcy case operates as an automatic stay of this action as

5   to Shuttermart pursuant to Title 11, United States Code, section 362(a).[1]  The scope of the automatic

6   stay is broad.  *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d

7   Cir. 1982).  "All proceedings are stayed, including ... judicial proceedings.  Proceeding in this sense

8   encompasses civil actions...."  *Id.*  Once triggered, the automatic stay of an action pending against the

9   debtor in district court "continues until the bankruptcy case is closed, dismissed, or discharge is granted

10  or denied, or until the bankruptcy court grants some relief from the stay."  *Pope v. Manville Forest*

11  *Products Corp.*, 778 F.2d 238, 239 (5th Cir. 1985); *see also In re De Jesus Saez*, 721 F.2d 848, 851-2

12  (1st Cir. 1983).  Absent relief from the stay, judicial actions and proceedings against the debtor are void

13  *ab initio*.  *Kalb v. Feuerstein*, 308 U.S. 433, 438-40 (1940).  Due to the fact that this litigation is

14  currently stayed as to Plaintiff's claims against Shuttermart, the Court cannot compel Shuttermart to

15  participate in discovery.  Accordingly, Plaintiff's motion to compel is **DENIED IN PART** and the

16  Court shall not compel Shuttermart to make its initial disclosures at this time.

17         The automatic stay pursuant to Section 362(a) of the Bankruptcy Code resulting from

18  Shuttermart's bankruptcy petition does not extend to the remaining, non-debtor defendants, "even if

19  they are in a similar legal or factual nexus with the debtor."  *Maritime Elec. Co. v. United Jersey*

20  *Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991); *see also Fortier v. Dona Anna Plaza Partners*, 747

21  F.2d 1324, 1330 (10th Cir. 1984) (nothing in Section 362 purports to extend the automatic stay to claims

22  against the debtor's solvent co-defendants); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194,

23  1196-97 (6th Cir. 1983) ("[i]t is universally acknowledged that an automatic stay of proceedings

24

25         [1] 11 U.S.C. § 362(a) states in pertinent part:

26         "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an
           application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable
27         to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial,
           administrative, or other action or proceeding against the debtor that was or could have been commenced before the
28         commencement of the case under this title, or to recover a claim against the debtor that arose before the
           commencement of the case under this title . . ."

1  accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others

2  with a similar legal or factual nexus to the ... debtor"); *Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 4-5

3  (1st Cir. 1983); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126-27 (4th Cir. 1983);

4  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).  A proceeding against a

5  non-bankrupt corporation is not automatically stayed by the bankruptcy of its principal, *Marcus, Stowell*

6  *& Beye v. Jefferson Investment, Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir. 1986); *Personal Designs, Inc. v.*

7  *Guymar, Inc.*, 80 B.R. 29, 30 (E.D.Pa.1987); and section 362 does not bar an action against the principal

8  of a debtor-corporation.  *In re Philadelphia Gold Corp.*, 56 B.R. 87, 90 (Bankr.E.D.Pa.1985).

9  Thus, this action shall proceed against individually named, non-bankrupt defendants Ronquillo, Hart,

10  and Udelhofen.

11       Accordingly, good cause appearing, Plaintiff's motion to compel is **GRANTED IN PART** and

12  the Court hereby **ORDERS** Defendant Ronquillo to make the initial disclosures required by Federal

13  Rule of Civil Procedure 26(a)(1) no later than ***November 2, 2007***.  The Court **FURTHER ORDERS**

14  Defendant Ronquillo to appear and be deposed pursuant to Federal Rule of Civil Procedure 30.  Counsel

15  for the parties shall reschedule the deposition for a date and time amenable to all participants.  **Failure**

16  **by Defendant Ronquillo to comply with this order shall be grounds for imposition of sanctions,**

17  **including but not limited to exclusion of evidence, taking certain facts as established, and/or**

18  **monetary sanctions.  *See* Fed. R. Civ. P. 37(c)**.

19  **ATTORNEYS' FEES**

20       Plaintiff has also requested that the Court order Defendants Shuttermart and/or Ronquillo to pay

21  the attorneys' fees incurred by Plaintiff in relation to the preparation and filing of this motion.

22  (*Plaintiff's Memorandum*, 5-6.)  Plaintiff states that the fees total $2,508.00, which includes 8.8 hours of

23  counsel's labor at a billable rate of $285.00 per hour.  (*Declaration of Peter Shenas* ¶5.)

24       Federal Rule of Civil Procedure 37 states that if a Court grants a motion to compel "or if the

25  disclosure or requested discovery is provided after the motion was filed, the court shall, after affording

26  an opportunity to be heard, require the party . . . or attorney advising such conduct or both of them to

27  pay to the moving party the reasonable expenses incurred in making the motion, including attorneys'

28  fees, unless the court finds that . . . the opposing party's non-disclosure, response or objection was

1  substantially justified, or that other circumstances make an award of expenses unjust." FED. R. CIV. P.

2  37(a)(4)(A).  As noted above, this litigation is currently stayed with respect to Plaintiff's claims against

3  Defendant Shuttermart.  However, the litigation against Defendant Ronquillo has not been stayed, the

4  Court has ordered Ronquillo to participate in discovery.  Ronquillo did not file an opposition to

5  Plaintiff's motion, and has failed to demonstrate any substantially justified excuse for failing to comply

6  with the discovery rules and with the deadlines set by this Court's previous orders.

7      Accordingly, the Court **GRANTS** Plaintiff's request for attorneys' fees.  Defendant Ronquillo is

8  hereby **ORDERED** to pay the sum of **$2,508.00** directly to Plaintiff's counsel, Peter Shenas, no later

9  than *__November 16, 2007__*.

10      **IT IS SO ORDERED**.

11  DATED:  October 18, 2007

12

13      Hon. Nita L. Stormes
        U.S. Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28