UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM G. BEARD,<br><br>          Plaintiff,<br>v.<br><br>SHUTTERMART OF CALIFORNIA, INC.,<br>a California Corporation, et al.,<br><br>          Defendants. | Civil No.07cv594-WQH(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ORDER COMPELLING DEFENDANT RONQUILLO'S ATTENDANCE AT DEPOSITION AND AWARDING ATTORNEYS' FEES & COSTS**<br><br>[Doc. No. 41] |

Before the Court in the above-captioned matter is Plaintiff Tom G. Beard's *Ex Parte* Motion seeking an order of the Court compelling Defendant Richard Ronquillo's attendance at his deposition and for attorneys' fees and costs [Doc. No. 41]. Plaintiff argues that Ronquillo failed to appear on time for his properly noticed deposition on November 13, 2007. Plaintiff seeks an order from this Court compelling Ronquillo to appear and be deposed on December 5, 2007. (*Plaintiff's Motion*, *Memorandum of Points and Authorities in Support ("Memorandum")*, 4.) Plaintiff also requests an award of attorneys fees and costs pursuant to Rule 37(a)(4)(A). (*Id*. at 5-6.) Ronquillo has not filed an opposition to Plaintiff's motion. For the following reasons, Plaintiff's *Ex Parte* Motion [Doc. No. 41] is **GRANTED**.

### DISCUSSION

Defendant Richard Ronquillo failed to appear for his properly noticed deposition on August 24, 2007. Subsequently, Plaintiff filed a motion to compel seeking an order from the Court compelling Ronquillo to appear and be deposed [Doc. No. 36]. The Court granted Plaintiff's motion, and ordered

1  Ronquillo to make himself available to be deposed at a time and place to be agreed upon by counsel for
2  the parties. (*See Court's October 18, 2007 Order*, Doc. No. 40.)  The Court also cautioned Ronquillo
3  that failure "to comply with this order shall be grounds for imposition of sanctions, including but not
4  limited to exclusion of evidence, taking certain facts as established, and/or monetary sanctions." (*Id*. at
5  3.)

6        In the instant *ex parte* motion, Plaintiff alleges that pursuant to the Court's October 18, 2007
7  order, counsel attempted to schedule a time and date for Ronquillo's deposition.  (*Plaintiff's Ex Parte*
8  *Motion*, Declaration of Peter Shenas ¶ 2.)  According to Plaintiff's counsel, Peter Shenas, he emailed
9  Ronquillo's attorney, Dave Carothers, on October 30, 2007 regarding possible dates and times for the
10 deposition to be rescheduled.  (*Id*., Ex. "A.")  After receiving an "out of office" automated reply to the
11 email, Shenas called Carothers' office and spoke to his assistant who confirmed that Carothers was out
12 of town and not available.  (*Id*., Ex. "B.")  On November 2, 2007, after being unable to get in touch with
13 either Carothers or his assistant, Shenas served by mail a Notice of Deposition, scheduling Ronquillo's
14 deposition for November 13, 2007 at 9:30 a.m. at his law office.  (*Id*., Ex. "C.")  A letter from Shenas
15 also accompanied the notice, advising Carothers to let him know immediately if November 13, 2007
16 would not be acceptable for either himself or Ronquillo.  (*Id*., Ex. "D.")  On November 12, 2007,
17 Carothers contacted Shenas to request that the deposition be continued.  Shenas declined the request.
18 (*Id*., Ex. "E.")  Later that day, Carothers advised Shenas that he would not be joining Ronquillo at the
19 deposition because he was being terminated at Ronquillo's legal counsel in the case.  (*Id*., Ex. "F.")

20       At 9:30 a.m. on November 13, 2007, Mr. Shenas, along with a court reporter and Thomas
21 Monson, counsel for co-defendants Terry Udelhofen and Robin Hart, assembled for the deposition at
22 Shenas' office.  Ronquillo was not present, and at 9:40 a.m. the court reporter recorded the proceedings
23 and left.  (*Id*., Ex. "G.")  Ronquillo finally arrived at Shenas' office at 10:45 a.m., at which time Shenas
24 informed Ronquillo that the deposition could not proceed because of his tardiness, and that he would be
25 contacted to once again reschedule.  Shenas then prepared and filed the instant *ex parte* motion, and
26 contacted Thomas Monson regarding his availability for rescheduling the Ronquillo deposition on
27 December 5, 2007.  (*Id*.)

28       Plaintiff now seeks an order from the Court compelling Ronquillo to appear and be deposed on

1  December 5, 2007.  Plaintiff also requests attorneys' fees related to the time spent by his attorney
2  scheduling the November 13, 2007 deposition, court reporter costs, and the preparation of this motion.
3  (*Id.* ¶ 4.)
4        Under Rule 37(d) of the Federal Rules of Civil Procedure, if a party fails to appear at his
5  deposition, the Court may impose any of the sanctions authorized under Rule 37(b)(2)(A), (B) and (C).
6  In lieu of, or in addition to, those sanctions, the Court shall require the party failing to appear to pay the
7  reasonable expenses (including attorneys' fees) caused by the failure, unless it concludes that the failure
8  was substantially justified or that other circumstances make an award of expenses unjust.  FED. R. CIV.
9  P. 37(d).  Sanctions for failure to appear at a deposition may be imposed even absent a prior court order.
10 *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last
11 minute constitute a failure to appear).  Moreover, there is no need to find that the failure to attend was
12 "willful."  *See Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to
13 allow reasonable discovery may be punished.").
14       Accordingly, good cause appearing, Plaintiff's *Ex Parte* Motion [Doc. No. 41] is **GRANTED**
15 and **IT IS HEREBY ORDERED THAT** Defendant Richard Ronquillo appear and be deposed pursuant
16 to Federal Rule of Civil Procedure 30 on **_December 5, 2007_** at the law offices of Peter Shenas, 750 B
17 Street, Suite 2510, San Diego, California, 92101.  **Failure by Ronquillo to comply with this order**
18 **shall be grounds for imposition of sanctions, including but not limited to exclusion of evidence,**
19 **taking certain facts as established, and/or monetary sanctions.**  *See* **Fed. R. Civ. P. 37(c)**.

### ATTORNEYS' FEES & COSTS

21       Plaintiff requests that the Court order Ronquillo to pay the attorneys' fees and court reporter
22 costs incurred by Plaintiff in relation to the failed deposition attempt, as well as the preparation and
23 filing of this motion.  (*Plaintiff's Memorandum*, 2-3.)  Plaintiff states that the fees total $2,239.05, which
24 includes 7.2 hours of counsel's labor at a billable rate of $285.00 per hour, totalling $2052.00, plus
25 $187.50 in court reporter charges.  (*Declaration of Peter Shenas* ¶ 4.)
26       Federal Rule of Civil Procedure 37 states that if a Court grants a motion to compel "or if the
27 disclosure or requested discovery is provided after the motion was filed, the court shall, after affording
28 an opportunity to be heard, require the party . . . or attorney advising such conduct or both of them to

1 pay to the moving party the reasonable expenses incurred in making the motion, including attorneys'
2 fees, unless the court finds that . . . the opposing party's non-disclosure, response or objection was
3 substantially justified, or that other circumstances make an award of expenses unjust." FED. R. CIV. P.
4 37(a)(4)(A). The Court has ordered Ronquillo to participate in discovery. Ronquillo did not file an
5 opposition to Plaintiff's motion, and has failed to demonstrate any substantially justified excuse for
6 failing to comply with the discovery rules and with this Court's previous orders.

7      Accordingly, the Court **GRANTS** Plaintiff's request for attorneys' fees and costs. Defendant
8 Richard Ronquillo is hereby **ORDERED** to pay the sum of **$2,239.05** directly to Plaintiff's counsel,
9 Peter Shenas, no later than *December 21, 2007*.

10      **IT IS SO ORDERED**.
11 DATED: November 27, 2007

                        Hon. Nita L. Stormes
                        U.S. Magistrate Judge