1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TOM G. BEARD, | CASE NO. 07CV594WQH (NLS) |
| 12                              Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND CARLTON DISANTE & FREUDENBERGER'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD (Docs. # 44, 46)** |
| 13        vs. | |
| 14  SHUTTERMART OF CALIFORNIA, INC.; SHUTTERMART OF CALIFORNIA 401(K) EMPLOYEE STOCK OWNERSHIP PLAN; ROBIN HART; TERRY UDELHOFEN; and RICHARD RONQUILLO; | |
| 15 | |
| 16 | |
| 17                              Defendants. | |

18  HAYES, Judge:

19          The matters pending before the Court are Plaintiff's motion for leave to amend the Complaint

20  and Carlton Disante & Freudenberger LLP's motion to withdraw as attorney of record for Defendant

21  Richard Ronquillo.  (Docs. # 44, 45, 46).

22                              **BACKGROUND**

23          On April 2, 2007, Plaintiff filed an action against Defendants Shuttermart of California, Inc.

24  (Shuttermart), Shuttermart of California 401(K) Employment Stock Ownership Plan (ESOP), Robin

25  Hart (Hart), Terry Udelhofen (Udelhofen), and Richard Ronquillo (Ronquillo) for breach of fiduciary

26  duty and the removal of fiduciaries.  (Doc. # 1.)  On May 11, 2007, Shuttermart and Ronquillo filed

27  an answer to the Complaint.  (Doc. # 7).  On May 11, 2007, Shuttermart filed a counterclaim against

28  Plaintiff for indemnity, equitable indemnity/apportionment, contribution, and declaratory relief. (Doc.

# 8).  Shuttermart also filed a cross-claim against Hart and Udelhofen for indemnity, equitable indemnity/apportionment, contribution, and declaratory relief.  (Doc. # 10).  On May 14, 2007, Hart and Udelhofen answered the Complaint.  (Docs. # 15,16).  On May 14, 2007, Hart and Udelhofen filed a cross-claim against Shuttermart and Ronquillo for indemnity, equitable indemnity/apportionment, contribution, and declaratory relief, and a counterclaim against Plaintiff for indemnity, equitable indemnity/apportionment, contribution, and declaratory relief.  (Docs. # 17, 18).  On May 30, 2007, Plaintiff answered the counterclaims filed by Shuttermart, Hart, and Udelhofen.  (Docs. # 19, 20).  On May 30, 2007, Hart and Udelhofen answered the cross-claims of Shuttermart.  (Docs.  # 21, 22).  On June 4, 2007, Shuttermart and Ronquillo filed an answer to the cross-claims of Hart and Udelhofen.  (Doc. # 23).

On December 14, 2007, Plaintiff filed the pending motion for leave to amend the Complaint.  (Docs. # 44, 46).  Defendants have not filed an opposition to the motion.

On December 18, 2007, Carlton DiSante & Freudenberger filed the pending motion to withdraw as attorney of record for Defendant Ronquillo.  (Doc. # 45).  No party has filed an opposition to this motion.

## DISCUSSION

## I. MOTION FOR LEAVE TO AMEND (Docs. # 44, 46).

Plaintiff moves to amend the Complaint to (a) join American Contractors Indemnity Company as a defendant, (b) add two causes of action against American Contractors Indemnity Company, and (c) correct a clerical error.  *Mot. for Leave to Amend* (Doc. # 46) at 2-5.  Plaintiff contends that there is good cause to grant leave to amend and notes that American Contractors Indemnity Company is an indispensable party under FED. R. CIV. P. 19.  *Mot. for Leave to Amend* (Doc. # 46) at 3.  Plaintiff contends that Defendants will not be prejudiced by the granting of the motion to amend because none of the existing Defendants have conducted discovery in this case.  *Mot. for Leave to Amend* (Doc. # 46) at 5.

FED. R. CIV. P. 15(a) provides in pertinent part that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a) . "Under Rule 15(a), courts are cautioned to apply the policy

07cv0594

of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1085 (S.D. Cal. 2002); *see also* FED. R. CIV. P. 15(a). Though the decision to grant or deny leave to amend the pleadings is left to the district court's discretion, the general rule is that amendment is permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment. *SAES Getters*, 219 F.Supp 2d at 1086 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants have not opposed Plaintiff's motion for leave to amend the Complaint. In addition, the Court finds that there is good cause for the amendment, and that the amendment will not unduly delay these proceedings or prejudice Defendants. Accordingly, Plaintiff's motion for leave to amend the Complaint (Docs. # 44, 46) is GRANTED. Plaintiff shall file and serve the Amended Complaint attached to (Doc. # 44) on or before March 10, 2007.

**II. Motion to Withdraw as Attorney of Record (Doc. # 45).**

Carlton DiSante & Freudenberger seeks to withdraw as counsel of record for Defendant Ronquillo on the grounds that Ronquillo has failed to maintain communications with Carlton DiSante & Freudenberger by not responding to telephonic and email communications. *Mot. to Withdraw as Attorney of Record* (Doc. # 45) at 3. Carlton DiSante & Freudenberger states that Ronquillo has failed to cooperate and participate in the discovery process and twice failed to appear for a noticed deposition. *Mot. to Withdraw* (Doc. # 45) at 3; *Declaration of Dave Carothers* (Doc. # 45-3), ¶¶ 4-20. Carlton DiSante & Freudenberger further maintains that Ronquillo has repeatedly represented that he would execute a substitution of attorney form, but has failed to do so. In a supporting declaration, Carlton DiSante & Freudenberger attorney Dave Carothers states that the firm has given Ronquillo reasonable notice of its intent to withdraw by informing Ronquillo by email on November 16, 2007, and has sent copies of the motion to withdraw as attorney of record to Ronquillo's last known address. *Decl. of D. Carothers*, ¶¶ 20-22. Carlton DiSante & Freudenberger served all remaining parties of its intent to withdraw by phone and in writing. *Mot. to Withdraw* (Doc. # 45) at 3.

An attorney may not withdraw as counsel except by leave of court, *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992), and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, No. C 97-4737, 2004

U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)); *see also* S.D CAL. L.R. 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Irwin*, 2004 U.S. Dist. LEXIS 28264 at *4; *see also Nat'l Career College, Inc., v. Spellings*, No. 07-00075, 2007 U.S. Dist. LEXIS 50705 at *4-5 (Dist. Haw. July 11, 2007).

Pursuant to Southern District of California Local Rule 83.4(b), each attorney "permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required by the members of the State Bar of California." S.D CAL. L.R. 83.4(b). Counsel in this Court may withdraw as the attorney of record if the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." CAL. R. OF PROF'L. CONDUCT, R. 3-700(C)(1)(d). A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation. *Steele v. Hernandez*, 2:06-CV-02088, 2007 U.S. Dist. LEXIS 40568, at *2-3 (E.D. Cal. May 23, 2007)*; see also Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1139-40 (9th Cir. 1989).

Defendant Ronquillo has failed to respond to Carlton DiSante & Freudenberger's emails and phone calls, has failed to attend noticed depositions, and has failed to substitute Carlton DiSante & Freudenberger out as his attorney of record. *See Decl. of D. Carothers* (Doc. # 45-3) at ¶¶ 5-20. Accordingly, the Court finds that Ronquillo has made it unreasonably difficult for Carlton DiSante & Freudenberger to adequately continue representation. The Court further concludes that Carlton DiSante & Freudenberger has met the notice requirements of the local rules, and that withdrawal will not prejudice Ronquillo or any other party. Carlton DiSante & Freudenberger's motion to withdraw as attorney of record for Defendant Richard Ronquillo (Doc. # 45) is GRANTED. Carlton DiSante & Freudenberger's request for a stay (Doc. # 44) is DENIED.

## CONCLUSION

Plaintiff's motion for leave to amend the Complaint (Docs. # 44, 46) is GRANTED. Plaintiff

1  shall file and serve file and serve the Amended Complaint attached to (Doc. # 44) on or before March

2  10, 2007. Carlton DiSante & Freudenberger's motion to withdraw as attorney of record for Defendant

3  Richard Ronquillo (Doc. # 45) is GRANTED.  Carlton DiSante & Freudenberger's request for a stay

4  (Doc. # 45) is DENIED.

5       **IT IS SO ORDERED**.

6

7  DATED:  February 13, 2008

8       **WILLIAM Q. HAYES**
        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv0594